**O'Neill Estate**

*Paul T. Essig, Sr.*, for petitioner.
*James M. Potter*, for respondent.
*Edward P. Najarian*, trustee ad litem.

MUTH, P. J., October 25, 1968—Florence E. Mc-Neal, administratrix c.t.a. of the estate of Joseph O'Neill, has presented her petition requesting the court to make distribution of certain proceeds of a sheriff's sale in the possession of the Sheriff of Berks County. Upon hearing the petition it appears that execution issued upon certain real estate of Joseph O'Neill situate in Caernarvon Township, Berks County, Pa., on a certain judgment entered to January term, 1964, J. D., no. 497. The execution number was not provided. A judgment was obtained upon a tax lien. The real estate was sold, costs and taxes paid and there remains in the custody of the Sheriff of Berks County the sum of $1,129.28. Petitioner requests that we order the Sheriff of Berks County to turn the said proceeds over to her. The said real estate was sold by the Sheriff of Berks County after the death of decedent.

The Sheriff of Berks County has filed an answer to the petition requesting that the petition be dismissed. Counsel for petitioner cited section 301 of the Fiduciaries Act of April 18, 1949, P. L. 512. This citation apparently is in error and counsel probably refers to section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163. This section of the act gives this court

jurisdiction to determine title to personal property in the possession of the personal representative of a decedent, or registered in the name of decedent, or his nominee, or alleged by the personal representative to have been in the possession of decedent at the time of his death.

Petitioner does not explain how this particular section of the Orphans' Court Act applies to the distribution of the proceeds of a sheriff's sale. The Act of June 16, 1836, P. L. 755, sec. 86, provides that in all cases of sale upon execution where a dispute shall arise concerning distribution of money arising from such execution, the court from which the execution shall have issued shall have power to hear and determine the same according to law and equity. This statutory provision applies to all sales and applies to the instant sale. In addition to the Act of 1836 aforementioned, see Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, and the numerous cases therein cited.

As it appears that this court has no jurisdiction to order the Sheriff of Berks County to make distribution of the proceeds of the sheriff's sale, we make the following order:

And now, to wit, October 25, 1968, the petition of Florence E. McNeal, administratrix c.t.a., for an order directing distribution of the proceeds of the sale of real estate of Joseph O'Neill, is hereby dismissed without prejudice.